UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAY CHEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.   24-03103 (UNA) |
| | ) |
| DISTRICT OF COLUMBIA *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

*Pro se* Plaintiff May Chen, a District of Columbia resident, sues the District of Columbia, Maryland, and California, seeking "criminal prosecution," a "barring notice," and a "monetary penal[t]y of $5900000000000000000000" presumably for her various "physical" and "mental" injuries." Compl., ECF No. 1 at 5.  Chen mentions employment, housing, and age discrimination but alleges no supporting facts.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  But "even a *pro se* plaintiff must comply with the Federal Rules of Civil Procedure," *Hedrick v. FBI*, 216 F. Supp. 3d 84, 93 (D.D.C. 2016), and "plead factual matter that permits [the Court] to infer more than the mere possibility of misconduct," *Brown v. Whole Foods Mkt. Grp.*, 789 F.3d 146, 150 (D.C. Cir. 2015) (cleaned up).  Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  Fed. R. Civ. P. 8(a).  It "does not require detailed

factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  Such pleading ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  It also assists the court in determining whether it has jurisdiction over the subject matter.

Because Plaintiff fails "to articulate either the required factual or legal bases for [the] requested relief," *Karim-Panahi v. U.S. Congress, Senate and House of Representatives*, 105 F. App'x. 270, 274 (D.C. Cir. 2004) (per curiam), Defendants lack "fair notice of what the claim is and the grounds upon which it rests," *Jones v. Kirchner*, 835 F.3d 74, 79 (D.C. Cir. 2016) (cleaned up).  Moreover, the complaint against Maryland and California triggers the Eleventh Amendment, which generally immunizes states from suits filed against them in federal court and for which no waiver is established here.[1]  Consequently, the Court dismisses the complaint and this case by separate order.

Date: December 5, 2024

_____/s/_____
ANA C. REYES
United States District Judge

---

[1] The Eleventh Amendment to the U.S. Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  The Supreme Court "long ago held that the Eleventh Amendment bars a citizen from bringing suit against the citizen's own State in federal court, even though the express terms of the Amendment refer only to suits by citizens of another State." *Welch v. Texas Dept. of Highways and Public Transp.*, 483 U.S. 468, 472 (1987).